UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES B CARTER JR** | **CASE NO. 6:20-CV-01108** |
| **VERSUS** | **JUDGE JUNEAU** |
| **C R ENGLAND INC** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Transfer Venue to the United States District Court for the District of Utah filed by Defendant, C.R. England, Inc. (Rec. Doc. 37). Plaintiff, James B. Carter, Jr., opposed the Motion (Rec. Doc. 48), and CR England replied (Rec. Doc. 52). The Motion was referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that CR England's Motion be granted.

## Factual Background

Plaintiff, individually and on behalf of putative class members, filed this suit on August 25, 2020 under the Fair Labor Standards Act against his employer, CR England, for alleged minimum wage violations. (Rec. Doc. 1). On October 1, 2020, CR England filed an Emergency Motion for an Order regarding Plaintiff's counsels'

communications to putative class members. (Rec. Doc. 10). At that time CR England had not yet been served with the Complaint, and it reserved its right to "among other things, move to compel individual arbitration." (Rec. Doc. 10, fn. 1). CR England was served on October 20, 2020. (See Rec. Doc. 34). On November 30, 2020, CR England filed the instant Motion to Transfer (Rec. Doc. 37) and a separate Motion to Compel Arbitration (Rec. Doc. 38).

CR England is a Utah corporation headquartered in Salt Lake City, Utah specializing in transporting temperature-sensitive freight. (Rec. Doc. 38-2, p.1). CR England employed Plaintiff as a truck driver in June 2017, at which time Plaintiff entered into a Driver Education and Employment Contract ("the Employment Contract") (Rec. Doc. 38-2, p. 5-7) and Mutual Arbitration Agreement ("the Arbitration Agreement") (Rec. Doc. 38-2, p. 9-14).

CR England contends that the suit should be transferred to the District Court of Utah pursuant to a forum selection clause in the Employment Contract. Plaintiff opposes the Motion on the grounds that CR England waived its right to contest venue and that the forum selection clause is ambiguous.

## Law and Analysis

### I. Whether CR England waived its right to seek transfer based on the forum selection clause.

Plaintiff argues initially that CR England waived its right to contest venue. The Fifth Circuit has posed two alternative approaches to determining whether a

2

litigant has waived its right to enforce a forum selection clause. Although the court has not yet decided which of the two analyses should govern, the court explained as follows:

> The first approach is a traditional inquiry that asks whether a party "intentionally or voluntarily relinquished its rights under the clause." The cases articulating this approach hold that waiver of a forum-selection clause requires: "(1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." "Waiver can also occur if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" Under the second approach, "the party to the forum selection clause waives its right if it (1) substantially invokes the judicial process in derogation of the forum selection clause and (2) thereby causes detriment or prejudice to the other party."
>
> "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the ... dispute through litigation....'" Litigation on the merits can substantially invoke the judicial process.
>
> *Hampton v. Equity Tr. Co.,* 736 F. App'x 430, 435–36 (5th Cir. 2018) (internal citations omitted), discussing *Wellogix, Inc. v. SAP Am., Inc.*, 648 Fed.Appx. 398, 401 (5th Cir. 2016); *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016); *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010)

The Court finds that under either approach, CR England has not waived its right to seek transfer based on the forum selection clause in the Employment Contract. Under the first approach, Plaintiff did not identify any evidence of CR England's intent to relinquish its right. To the contrary, CR England specifically

3

noted its intention to compel arbitration "among other things" with its first filing. (Rec. Doc. 10, fn. 1).

Under the second approach, Plaintiff has not shown that CR England substantially invoked the judicial process in derogation of the forum selection clause and to Plaintiff's detriment. CR England filed an Emergency Motion seeking an order prohibing Plaintiff's counsels "from continuing to engage in unsolicited, improper, and misleading marketing tactics." (Rec. Doc. 10, p.1). Although the Court later denied the Motion (Rec. Doc. 33), this Motion did not concern the merits of the suit (i.e. whether CR England violated the FLSA). Further, Plaintiff has not shown how he was prejudiced by CR England's pre-motion-to-transfer Emergency Motion. Indeed, CR England had not yet been served with the Complaint at that time. The parties have not yet engaged in discovery, and no trial date has been set. To date, the only procedural action CR England has taken was to seek an emergency order regarding pre-certification communications (an essential pre—substantive litigation issue) and the filing of the instant Motion to Transfer and the closely aligned Motion to Compel Arbitration. Accordingly, the Court finds that CR England has not waived its right to seek transfer based on the forum selection clause.

## II. <u>Whether CR England unreasonably delayed seeking transfer.</u>

Plaintiff next argues CR England waived it right to seek transfer based on unreasonable delay. "Parties seeking a change of venue should act with 'reasonable

4

promptness.'" *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989), citing 15 C. Wright, A. Miller & E. Cooper, § 3844, at 335–37. "Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer." *Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.,* No. CIV.A. 6:13-00604, 2015 WL 6511879, at *8 (W.D. La. Oct. 27, 2015), quoting *In re Kyeth,* 406 Fed.Appx. 475, 477 (Fed.Cir.2010). Further, the Fifth Circuit has recognized "that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

The Court finds there is no evidence of CR England's delay in seeking transfer. Indeed, CR England filed its Motion to Transfer slightly over one month after being served with the suit. The parties had not undertaken any substantive steps to proceed with the merits of the litigation prior to that time. Plaintiff has not shown any purported prejudice by the timing of CR England's Motion to Transfer, which it filed essentially at the outset of litigation.

**III. Whether the forum selection clause is enforceable.**

Federal law governs the enforceability of forum selection clauses. *Barnett v. DynCorp Int'l, L.L.C.,* 831 F.3d 296, 301 (5th Cir. 2016), citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). In a case involving a forum selection

5

clause, the plaintiff's choice of forum merits no weight. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*.

28 U.S.C. §1404, which addresses change of venue based on convenience, provides the mechanism for the enforcement of forum selection causes. *Id.* When a motion to transfer venue involves a valid mandatory forum selection clause, the court is to conduct a modified analysis under §1404(a), wherein the forum selection clause is to be 'given controlling weight in all but the most exceptional cases.' *Id*., citing *Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 33 (1988); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016).

The Fifth Circuit summarized the *Atlantic Marine* modified §1404(a) analysis to be applied in cases involving a valid mandatory forum selection clause as follows:

> First, the plaintiff's choice of forum "merits no weight"; instead he has the burden of establishing that §1404(a) transfer or FNC dismissal is unwarranted. And second, the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they "waive the right to challenge their preselected forum as inconvenient...." Instead, the court should consider *only* public-interest factors. "Because those factors will rarely defeat a transfer motion, the practical result is that [FSCs] should control except in unusual cases." Cases in which the public-interest factors are sufficiently strong to outweigh a valid FSC "will not be common."
>
> *Weber*, 811 F.3d at 767 (5th Cir. 2016), citing *Atlantic Marine*, 571 U.S. at 63-64.

6

The foregoing *Atlantic Marine* analysis applies only to forum selection clauses which are mandatory, as opposed to permissive:

> A mandatory FSC [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive FSC is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. An FSC is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum-and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make an FSC mandatory.

*Weber,* 811 F.3d at 768, citing *Caldas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127–28 (5th Cir.1994) and *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),* 314 F.3d 494, 500 (10th Cir.2002).

If the forum selection clause is permissive, the court should apply the traditional §1404(a) analysis. See *Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par. ex rel. Jefferson Par. Council*, 594 Fed.Appx. 820, 821 (5th Cir. 2014). Thus, the initial inquiry is whether the forum selection clause is mandatory or permissive.

In this analysis, the Court must determine whether the forum selection clause at issue contains clear language specifying that litigation *must* occur in the specified forum. *Weber*, 811 F.3d at 768. Stated differently, a mandatory forum selection clause clearly implicates the parties' intent to litigate exclusively in a particular court. *City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. 2004), citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974).

The forum selection clause at issue in this case, set forth in the Employment Contract, states:

> You [Plaintiff] and C.R. England agree that this Contract and its construction and interpretation shall be governed by the laws of the State of Utah, and any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah. You hereby consent to personal jurisdiction and venue in such court. Notwithstanding any other provision of this Contract, if you have executed an arbitration agreement with C.R. England, the terms of the arbitration agreement shall govern any claims or disputes between you and C.R. England arising from or related to this Agreement.

(Rec. Doc. 38-2, p. 7, ¶12).

The Court finds that the foregoing forum selection clause is mandatory in that it specifies that litigation must occur in Utah. Plaintiff does not challenge the mandatory nature of the forum selection clause. Rather, Plaintiff argues the clause, set forth in the Employment Contract, is ambiguous, because it conflicts with the Arbitration Agreement, relying upon the Fifth Circuit's ruling in *O'Shaughnessy v. Young Living Essential Oils, LC*, 810 Fed.Appx. 308 (5th Cir. 2020) (unpublished). The Court disagrees and finds that *O'Shaughnessy* actually supports the opposite conclusion.

In *O'Shaughnessy*, the court considered the following arbitration clause: "If mediation is unsuccessful, any controversy or claim arising out of or relating to the Agreement, or the breach thereof, will be settled by arbitration." *Id*. at *312. The court found the foregoing arbitration clause conflicted with the following forum

8

selection clause: "Any legal action concerning the Agreement will be brought in the state and federal courts located in Salt Lake City, Utah." *Id*. The court reasoned that there was "no limiting language in the Jurisdiction and Choice of Law paragraph, or anywhere else in the Agreement, suggesting that it only applies to disputes not subject to arbitration." *Id*. The opposite is true in this case. While the Employment Contract provides that "any claim, litigation or dispute arising from or related to this contract shall be litigated in…Utah," the provision contains explicit limiting language: "Notwithstanding any other provision of this Contract, if you have executed an arbitration agreement with C.R. England, the terms of the arbitration agreement shall govern any claims or disputes between you and C.R. England arising from or related to this Agreement." (Rec. Doc. 38-2, p. 7, ¶12).

Plaintiff attempts to disfigure the limiting language of the foregoing provision based upon purported ambiguity of the phrase, "notwithstanding any other provision of this Contract." The Court is not persuaded. The Court finds that the forum selection clause in the Employment Contract and the Arbitration Agreement are reconcilable and reasonably co-exist. See further discussion in *Sharpe v. AmeriPlan Corp.,* 769 F.3d 909, 916 (5th Cir. 2014) ("A forum selection clause thus still has effect in determining where any lawsuit—even one that may result in an order compelling arbitration—must be brought.")

Having determined that the forum selection clause is mandatory, the Court must employ *Atlantic Marine's* modified §1404(a) analysis. The Fifth Circuit applies a strong presumption in favor of mandatory forum selection clauses. *Weber,* 811 F.3d at 773.

> The presumption of enforceability may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances. Unreasonableness potentially exists where (1) the incorporation of the [FSC] into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the [FSC] would contravene a strong public policy of the forum state.
>
> *Id.*, quoting *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 7 (1972)).

Plaintiff did not challenge the forum selection clause on any of the foregoing *Bremen* grounds. Thus, because the forum selection clause is mandatory and enforceable, the Court finds that CR England's Motion to Transfer should be granted, and the case should be transferred to the District Court of Utah for consideration of Plaintiff's Motion to Compel Arbitration.

## Conclusion

For the reasons discussed herein, the Court recommends that CR England, Inc.'s Motion to Transfer Venue (Rec. Doc. 37) be GRANTED and that the case be transferred to the United States District Court for the District of Utah.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of February, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE